IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MONDREA VINNING EL, Inmate #B63459, )
)
         Plaintiff, )
)
vs. ) CIVIL NO. 04-500-GPM
)
JASON GARNETT and MARK BADER, )
)
         Defendants. )

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, an inmate in the Menard Correctional Center, brings this action seeking declaratory and injunctive relief against the Illinois Department of Corrections (IDOC) pursuant to 28 U.S.C. § 2201. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

This case now is before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.–** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.–** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and, thus, subject to summary dismissal.

## FACTUAL ALLEGATIONS

Plaintiff states that he has seven lawsuits pending in federal and state court and that monies are being removed from his prison trust fund account each month to pay for these lawsuits. Plaintiff states that he is required to pay for copies, postage, and medical co-pays out of his account. As a result, Plaintiff cannot purchase items from the commissary and cannot obtain hygiene or correspondence materials other than those provided by the state. Furthermore, Plaintiff states that his television has broken. Plaintiff states that inmates not in arrears to the IDOC (as Plaintiff currently is) are put on a payment plan so that broken items, like televisions, might be repaired. Plaintiff has not been allowed to do this, and he has been told that he must either send the television home or it will be destroyed, causing Plaintiff "irreparable harm." Plaintiff claims that not being allowed to participate in this payment program violates the Equal Protection Clause of the Fourteenth Amendment because a poor inmate who "exercises his first amendment right to access to court and incurs debt as a result" is not allowed a payment plan, but an inmate who does not is allowed one. Plaintiff seeks declaratory relief ordering the IDOC to take only twenty percent of the amount on his prison trust fund account statement each month for payment of his debt and leave the rest for him to spend as he wishes.

## LEGAL STANDARDS

Plaintiff seems to think that because he has a right to file lawsuits he does not have to accept any responsibility for so doing. One of the responsibilities of filing lawsuits is that a plaintiff must

pay filing fees imposed by the Court. Prisoners are allowed to pay these fees in installments, *see* 28 U.S.C. § 1915, but they are not absolved from paying the fee. On the contrary, Plaintiff became obligated to pay a filing fee to the federal court when he filed each case, and he was informed of this obligation each time he applied to receive *in forma pauperis* status. "[T]he filing of a complaint (or appeal) is the act that creates the obligation to pay fees." *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997). Plaintiff did not have to file the lawsuits that are now the source of his complaint. He made a choice to file the cases and now must pay, literally, the consequences of his choices. That Plaintiff has to forego amenities in prison because of his choice to file numerous lawsuits is not actionable. According to the Seventh Circuit Court of Appeals,

> A right to petition for redress of grievances does not imply a right to free writing paper and stamps. Federal courts are subsidized dispute-resolvers; filing fees defray only a small portion of the costs. A requirement that plaintiffs cover some of these costs cannot be called unconstitutional. The Supreme Court has never held that access to the courts must be free; it has concluded, rather, that reasonably adequate opportunities for access suffice.

*Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002) (*citing Lewis v. Casey*, 518 U.S. 343 (1996)). There is no doubt that Plaintiff has had adequate access to the courts, as he has successfully filed, by his own admission, at least seven lawsuits in state and federal court. That Plaintiff chose to use the monies in his prison account to pay for lawsuits instead of other things, such as repair of his television set, also does not implicate a denial of equal protection. *See Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002) (to state equal protection claim inmate must show he was treated differently based on a suspect classification); *Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001) (affirming dismissal pursuant to section 1915, finding that to state an equal protection claim a prisoner must allege facts that show he (a) is similarly situated with other inmates who received

"more favorable treatment" and (b) was treated differently on the basis of a constitutionally protected interest); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3$^d$ Cir. 2001) ("Neither prisoners nor indigents are suspect classes."). Accordingly, Plaintiff has failed to state a claim of constitutional magnitude.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED with prejudice**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED: 07/25/06

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge